IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **ANDREA THOMAS,** on behalf of herself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**JSTC, LLC,**<br><br>Defendant. | CASE NO.:<br><br>COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Andrea Thomas ("Plaintiff") through her undersigned counsel, individually, and on behalf of all persons similarly situated, files this Collective Action Complaint ("Complaint") against Defendant JSTC, LLC ("JSTC"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### INTRODUCTION

1. Defendant JSTC is a Delivery Service Provider of Amazon.com LLC and Amazon Logistics, Inc. (together "Amazon") that employs individuals, such as Plaintiff and members of the proposed Collective, to deliver packages to Amazon customers ("Delivery Associates").

2. This case is about JSTC's failure to comply with applicable wage laws and to pay its non-exempt Delivery Associates for all the time they worked – including overtime – as was required to deliver hundreds of Amazon packages each day and meet Amazon's delivery needs.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant resides in and conducts business in this District.

## PARTIES

5. Plaintiff Andrea Thomas is a citizen of Florida and resides in Jacksonville, Florida. Plaintiff has worked for Defendants as a Delivery Associate in Florida from June 2018 to January 2019. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. *See* Ex. A.

6. Defendant JSTC, LLC ("JSTC") is a corporation organized under the laws of Florida with principal offices in Melbourne, Florida.

7. The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of the Defendant.

8. During all times relevant, Plaintiff was an employee of Defendant and is covered by the FLSA.

9. Defendant is an employer covered by the FLSA.

10. Defendant employs individuals, including Delivery Associates, in Florida, as well as potentially in other states.

11. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

12. Defendant's annual gross sales exceed $500,000.

## COLLECTIVE DEFINITION

13. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following class:

> All current and former Delivery Associates who were paid by Defendant JSTC, LLC to deliver packages for Amazon in the United States during the applicable limitations period (the "FLSA Collective").

14. Plaintiff reserves the right to redefine the FLSA Collective prior to notice or certification, and thereafter, as may be warranted or necessary.

## FACTS

### Amazon's Use of Delivery Service Providers, Such as JSTC

15. Amazon is one of the largest businesses engaged in the interstate shipment of goods in the United States.

16. Amazon holds itself out as a company able to transport goods across the United States to customers in a short time period.

17. Amazon is widely known as a company able to transport goods across the United States to customers in a short time period.

18. Amazon utilizes delivery providers ("Delivery Service Providers" or "DSPs") to transport goods across the country to customers in a short time period.

19. Amazon and Delivery Service Providers are in the business of delivering goods across the United States.

20. JSTC serves as one of Amazon's DSPs, and operates a carrier and logistics business in providing vehicles, dispatchers, and drivers to deliver goods on behalf of Amazon.com LLC and its affiliates. The goods are purchased by customers using Amazon.com LLC's digital platform

(the Amazon.com website).

21. JSTC provides delivery services for Amazon at one or more of Amazon's Delivery Stations through the use of Delivery Associates such as Plaintiff.

22. Delivery Associates are engaged to fulfill Amazon's nationwide delivery needs.

23. Amazon and Delivery Service Providers, such as JSTC, utilize Delivery Associates, such as Plaintiff, to meet Amazon's nationwide delivery needs and make deliveries of goods from Amazon delivery stations to Amazon customers.

24. The goods that Delivery Associates deliver from Amazon delivery stations to Amazon customers originate, or are transformed into their final condition, in a different state than the delivery state.

25. The goods Delivery Associates deliver from Amazon delivery stations to Amazon customers are not transformed or modified during the shipping process.

26. Delivery Associates deliver goods to Amazon customers in the same condition as they were shipped to the Amazon delivery station.

27. Delivery Associates deliver goods to Amazon customers that were shipped around the United States.

28. Plaintiff and other Delivery Associates are necessary in order for Amazon goods traveling interstate make it to their final destination.

**The Nature of Plaintiff and Delivery Associates' Work**

29. The nature of the work performed by Delivery Associates is similar and standardized at each the Delivery Station(s) where JSTC provides services for Amazon, as the nature of the work is centrally controlled and directed by both JSTC and Amazon.

30. Plaintiff Thomas was employed by Defendant JSTC as a Delivery Associate from

June 2018 through January 2019 in Defendant's Jacksonville, Florida location, making deliveries of packages on behalf of Amazon.

31. Plaintiff and other Delivery Associates began their shifts once they arrived at an Amazon facility to pick up their assigned vehicle.

32. Once the vehicle was picked up, Plaintiff and other Delivery Associates would drive the vehicles to a separate Amazon Delivery Station. Upon arrival, Plaintiff and Delivery Associates would pick up their assigned route, a handheld scanning device, gas card, and packages.

33. Plaintiff and other Delivery Associates were regularly scheduled to work five (5) and six (6) days per week, with shifts that were scheduled for ten (10) hours.

34. Plaintiff and other Delivery Associates sometimes worked seven (7) days per week.

35. Although shifts were scheduled for ten (10) hours per day, all of the work-related activities that Plaintiff and other Delivery Associates were required to and did perform often took ten (10) or more hours per day to complete.

36. Plaintiff regularly worked more than forty (40) hours a week. Plaintiff observed that other Delivery Associates routinely worked similar hours.

37. On average, Plaintiff delivered between approximately 200-300 Amazon packages per shift. Plaintiff observed that other Delivery Associates routinely delivered a similar number of packages.

38. Even after Plaintiff was finished delivering her assigned packages, Defendant routinely required her to "rescue" other Delivery Associates by going to meet other Delivery Associates in the field to help deliver some of their packages. Plaintiff has been directed to "rescue" other Delivery Associates and has observed other Delivery Associates do the same.

39. Upon return to the Amazon Delivery Station, Plaintiff and other Delivery Associates

had to unload their vehicles and check in with supervisors concerning the day's route.

40. After leaving the Amazon Delivery Station, Plaintiff and other Delivery associates had to park the vehicles at the separate off-site location.

41. Plaintiff observed other Delivery Associates routinely work similar schedules. Defendant was not only aware of and permitted this practice, but the work schedules and conditions imposed by Defendant effectively required this practice.

### JSTC Failed to Pay Delivery Associates Properly

42. Plaintiff and other Delivery Associates regularly worked more than 40 hours per week.

43. Plaintiff and other Delivery Associates regularly worked five (5) to six (6) days per week.

44. Defendant did not pay Plaintiff and other Delivery Associates for all hours worked in excess of forty (40) hours in a workweek and did not pay proper overtime premiums.

45. JSTC paid its Delivery Associates a fixed amount of pay per day, and did not pay overtime premiums for hours worked more than forty in a workweek.

46. Plaintiff Thomas was paid $130 per scheduled ten-hour shift and she was not paid an overtime premium, despite regularly working 50-60 hours or more per week.

47. For example, for the pay period between November 12, 2018 and November 18, 2018, Plaintiff's paystub reflected sixty hours of work paid at $13 per hour, with no overtime premiums paid, as follows:

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Regular Pay | 60.00 | 13.00 | 780.00 | 5,810.00 |
| Other Earnings | - | - | 0.00 | 3,900.00 |

48. In addition, Plaintiff and other Delivery Associates received other forms of compensation for services in addition to the fixed sum of work per day.

49. Defendant's pay policy, in which Plaintiff and other Delivery Associates are not compensated for all time worked and are not paid an overtime premium for all hours worked in excess of 40 per workweek, does not comply with the requirements of the Fair Labor Standards Act. *See Hickman v. TL Transportation LLC*, 317 F. Supp. 3d 890 (E.D. Pa. 2018) (granting summary judgment to the plaintiff in holding that a similar compensation scheme by another company that provided delivery services for Amazon violated the FLSA).

50. In addition, despite tracking Amazon's packages to the second, Defendant has failed to make, keep and preserve records with respect to Plaintiff and other Delivery Associates sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by federal and state law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

### The Failure to Properly Pay Delivery Associates Is Willful

51. JSTC's actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA.

52. Despite being able to track Amazon packages to the second, JSTC has failed to make, keep and preserve records with respect to the Plaintiff and other Delivery Associates sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by law. *See, e.g.,* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

53. Even though the FLSA and applicable state law requires overtime premium compensation for hours worked over 40 per week, JSTC does not pay Delivery Associates, such as Plaintiff, overtime premium compensation for overtime hours worked.

54. JSTC knew or, absent its own recklessness should have known, that the Delivery Associates were entitled to such overtime premiums.

55. JSTC has failed to pay Plaintiffs and Delivery Associates all overtime compensation owed.

56. By failing to pay the all overtime compensation owed to Plaintiffs and other Delivery Associates, JSTC has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

57. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

58. Plaintiff desires to pursue her FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

59. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid for all hours worked when they worked more than forty (40) hours per week and were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

60. Specifically, Defendant failed to pay overtime at time and a half (1½) the

employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

61. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant uses.

62. Defendant employs many FLSA Collective Members throughout Florida, and possibly elsewhere. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of Plaintiffs and the FLSA Class)**

63. All previous paragraphs are incorporated as though fully set forth herein.

64. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

65. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

66. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

67. During all relevant times, Plaintiff and Collective Members were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

68. Plaintiff and Collective Members are not exempt from the requirements of the FLSA.

69. Plaintiff and Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

70. Defendant's compensation scheme applicable to Plaintiff and Collective Members failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

71. Defendant knowingly failed to compensate Plaintiff and Collective Members for all hours worked when they worked in excess of forty (40) hours per week and failed to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

72. Defendant also failed to make, keep, and preserve records with respect to Plaintiff and Collective Members sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

73. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

74. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others

similarly situated:

    a.    An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b.    Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

    c.    Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

    d.    Liquidated damages to the fullest extent permitted under the law;

    e.    Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

    f.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: August 16, 2019                    Respectfully submitted,

                                        */s/ Janet R. Varnell*
Janet R. Varnell, FBN: 0071072
Brian W. Warwick, FBN: 0605573
VARNELL & WARWICK P.A.
P.O. Box 1870
Lady Lake, FL 32158
Tel: (352) 753-8600
Fax: (352) 504-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com
kstroly@varnellandwarwick.com

Sarah R. Schalman-Bergen, *pro hac vice forthcoming*
Michaela L. Wallin, *pro hac vice forthcoming*
Krysten Connon, *pro hac vice forthcoming*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4620

sschalman-bergen@bm.net
mwallin@bm.net
kconnon@bm.net

Ryan Allen Hancock, *pro hac vice forthcoming*
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Tel.: (215) 656-3600
Fax: (215) 567-2310
rhancock@wwdlaw.com

*Attorneys for Plaintiff and the
Proposed FLSA Collective*