# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ANDREA THOMAS, DEANDRE TINSON,
and SHONNIKA SPEARS, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

vs.

AMAZON.COM SERVICES, INC.,
AMAZON LOGISTICS, INC.,
AMAZON.COM LLC, JSTC, LLC,
COMMERCIAL EXPRESS, INC., COEI,
LLC, AG PLUS EXPRESS, LLC, and
DROP A BOX, INC.,

        Defendants.

_____/

Case Nos.19-cv-01528,
21-cv-00442

COLLECTIVE ACTION

JURY TRIAL DEMANDED

## FLSA COLLECTIVE ACTION SETTLEMENT AGREEMENT

This FLSA Collective Action Settlement Agreement ("Settlement Agreement," "Settlement," or "Agreement") is entered into between Plaintiffs Andrea Thomas, Deandre Tinson, and Shonnika Spears ("Plaintiffs"), individually and on behalf of the Settlement Collective defined below, and Defendants Amazon.com Services, Inc., Amazon.com, LLC, Amazon Logistics, Inc. (collectively "Amazon"); Commercial Express, Inc. and COEI, LLC ("COEI") (together, "Commercial Express"), JSTC, LLC ("JSTC"), AG Plus Express, LLC ("AG Plus"), and Drop a Box, Inc. ("Drop a Box") (collectively, the "DSP Defendants") (all Defendants collectively, "Defendants"), subject to the approval of the Court. Plaintiffs and Defendants are referred to individually as a "Party" and together as the "Parties."

## RECITALS

1.    Plaintiff Andrea Thomas, who worked as a Delivery Associate ("DA") in Florida, filed a lawsuit in the United States District Court for the Middle District of Florida on August 16, 2018, alleging Defendant JSTC, LLC violated the Fair

Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") by paying her and similarly situated individuals on a day rate basis without paying overtime for work performed over forty hours in a workweek.

2.      On April 14, 2019, Plaintiffs DeAndre Tinson and Shonnika Spears joined in a First Amended Collective Action Complaint against Defendants JSTC, LLC, and Defendants Commercial Express, Inc., COEI, LLC, AG Plus Express, LLC, and Drop A Box, Inc. (ECF No. 40), alleging that Defendants collectively violated the FLSA as joint employers in failing to pay them and similarly situated DAs overtime compensation when they worked more than 40 hours in a workweek by paying her and similarly situated individuals on a day rate basis.

3.      On April 22, 2021, Plaintiffs filed a separate action against Amazon, alleging essentionally identical allegations and naming Amazon as a joint employer. The two cases were consolidated against all Defendants in an Consolidated Amended Collective Action Complaint on September 3, 2021. (ECF No. 87)

4.      The Parties engaged in numerous efforts to resolve the lawsuit. Plaintiffs' Counsel engaged in pre-litigation discussions with Amazon and entered into a tolling agreement with Amazon for the benefit of the collective of the workers for the claims at issue. Plaintiffs and JSTC, LLC met in person in Florida on December 14, 2019 for a settlement conference. Plaintiffs and all of the Defendants participated in a mediation via videoconference on October 15, 2020 with JAMS mediator Stephen Sonnenberg. (ECF No. 49.) Plaintiffs and all of the Defendants met for a second day of mediation with Mr. Sonnenberg via videoconference on April 7, 2021, but the Parties were not able to reach a resolution of the matter. (ECF No. 75.)

5.      On October 28, 2021, the Parties participated in a full-day mediation conducted by the court-approved mediator, Dennis Clifford. (*See* ECF No. 92.)  The mediator, Plaintiffs' Counsel and Amazon's Counsel participated in person in Chicago, Illinois, and the remaining Defendants participated remotely. (ECF No. 95.) At the end of the business day, at the request of the Parties, the mediator made a mediator's proposal, which was subsequently accepted by all Parties on November 5, 2021. (ECF No. 97.)

6.      The Parties engaged in substantial discovery and exchange of information in connection with the litigation of the case and settlement efforts.  Prior to the mediation, the DSP Defendants provided Plaintiffs' Counsel with payroll data and timekeeping data, and Amazon provided delivery data (also known as "Rabbit" data) for DAs who were paid by the DSP Defendants and delivered packages to

customers of Amazon, which Plaintiffs' Counsel reviewed and analyzed extensively. Plaintiffs also served multiple non-party entities with subpoenas for documents and data in December 2020. Defendants Commercial Express and COEI responded to written discovery in the form of interrogatories and document requests. The Parties engaged in numerous meet and confer sessions regarding the facts and data prior to and in connection with the multiple mediations.

7.      As a result of these mediations and continued arm's length negotiations, the Parties agreed to settle Plaintiffs' claims according to the terms of this Settlement Agreement. The Parties separately negotiated the wage damages and attorneys' fees and costs.

8.      Plaintiffs' Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in this lawsuit. In agreeing to this Settlement Agreement, Plaintiffs have considered: (i) the facts developed during the mediation process and the law applicable thereto; (ii) the risks of continued litigation; and (iii) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Plaintiffs have concluded the terms of this Settlement Agreement are fair and reasonable, and that it is in the best interests of Plaintiffs and the Settlement Collective Members to settle their claims against Defendants as set forth herein.

7.      Defendants deny the allegations in this lawsuit, and further deny any liability for any wage and hour violations or failure to pay overtime compensation. Amazon further denies it is a joint employer of the DAs. Defendants are entering this Agreement to eliminate the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants or any of the Released Parties (as defined below) of any fault, liability, or wrongdoing, which Defendants expressly deny.

8.      The Parties recognize that Court approval of this Settlement is required to effectuate the Settlement, and the Settlement will not become operative until the Court enters its Approval Order.

9.      The Parties stipulate and agree that, for settlement purposes only, the requirements for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) are met with respect to the Settlement Collective Members as defined below. Should this Settlement not be approved, such stipulation to conditional certification shall become null and void and shall have no bearing on (or be admissible in connection with) the issue of whether conditional certification would be appropriate in a non-settlement context.

10.    In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows.

## DEFINITIONS

11.    The following terms used in this Agreement have the following meanings:

a.    "Action" means the above-captioned lawsuit.

b.    "Approval Order" means the Order finally approving the terms and conditions of this Agreement, as may be modified by the Court.

c.    "Check Cashing Period" means the period of 180 days after settlement checks are initially issued by the Settlement Administrator to Settlement Collective Members.

d.    "Court" means the United States District Court for the Middle District of Florida.

e.    "Day Rate Time Period" means the time period between March 1, 2017 and February 22, 2018 for Delivery Associates at the Tampa, FL delivery station (called DTP1); March 1, 2017 and March 10, 2018 for Delivery Associates at the Sarasota, FL delivery station (called DSR1); and March 1, 2017 and March 3, 2019 at the Jacksonville, FL delivery station (called DJX1), Orlando, FL delivery station (called DMO1), and Melbourne, FL delivery station (called DMB1).

f.    "Defendants" means Amazon.com Services, Inc., Amazon.com, LLC, Amazon Logistics, Inc. (collectively "Amazon"), and Commercial Express, Inc. and COEI, LLC ("COEI") (together, "Commercial Express"), JSTC, LLC ("JSTC"), AG Plus Express, LLC ("AG Plus"), and Drop a Box, Inc. ("Drop a Box").

g.    "Defendants' Counsel" means Morgan, Lewis & Bockius LLP (for Amazon); Williams, Parker, Harrison, Dietz & Getzen (for COEI, LLC, Commercial Express, Inc., AG Plus Express, LLC, and Drop A Box, Inc.), and Wilson McCoy, P.A. (for JSTC, LLC).

h.    "Fees and Costs Settlement Amount" means, subject to Court approval, Plaintiffs' Counsel's attorneys' fees in the total amount of $490,000.00, plus Plaintiffs' Counsel's out-of-pocket costs in the total amount of $24,300.00 (for

4

a total of $514,300.00).

i.      "Named Plaintiffs" or "Plaintiffs" means Andrea Thomas, DeAndre Tinson, and Shonnika Spears.

j.      "Parties" means Plaintiffs and Defendants.

k.      "Plaintiffs' Counsel" means Lichten & Liss-Riordan, P.C.; Willig, Williams & Davidson; Berger Montague PC; and Varnell & Warwick, P.A.

l.      "Qualified Settlement Fund" or "QSF" means the account established by the Settlement Administrator and funded by or on behalf of the Defendants for the purpose of holding the Wage Settlement Amount and the Fees and Costs Settlement Amount, as well as funds paid by or on behalf of Defendants sufficient to enable the Settlement Administrator to pay the employer's share of payroll taxes and the Settlement Administrator's Fees, including those associated with notice and distributing all approved amounts to the proper individuals. The QSF will be controlled by the Settlement Administrator subject to the terms of this Agreement and the Court's orders regarding approval.  Interest, if any, earned on the QSF will become part of the Wage Settlement Amount.

m.      "Released Claims" means any and all Fair Labor Standards Act claims (and related Florida state law wage claims) that accrued to the Settlement Collective Members while working for Defendants at any time between March 1, 2017 and June 22, 2019, including, without limitations, all FLSA and Florida state law claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses. The Released Claims shall become released upon the signing, cashing, or depositing of a Settlement Award check. Defendants agree this Settlement Agreement may not be used to assert collateral estoppel, *res judicata*, waiver or any other claim preclusion of FLSA claims with respect to individuals who did not specifically release those FLSA claims; however, Defendants do not waive the right to assert other defenses to those claims regarding timeliness, scope and/or applicability of exemptions.

n.      "Released Parties" mean Amazon.com Services, Inc.; Amazon.com, LLC; Amazon Logistics, Inc; Commercial Express, Inc.; COEI, LLC; JSTC, LLC; AG Plus Express, LLC; and Drop a Box, Inc., and each of their respective present and former affiliates, divisions, members, joint venture partners, subsidiaries, parents, predecessors, any merged entity or merged entities and/or its or their present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, insurers or reinsurers, employee benefit plans (and

the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under, or in concert with any of them, and any individual or entity that could be jointly liable with any of them.

      o.      "Relevant Time Period" means March 1, 2017 to June 22, 2019.

      p.      "Settlement Administrator" means Simpluris.

      q.      "Settlement Administrator Fees" means the amount to be paid to the Settlement Administrator for any fees and costs incurred with administering the Settlement pursuant to the terms and conditions herein, which shall be paid by or on behalf of Defendants and which shall not exceed $19,000.

      r.      "Settlement Award" means the payment that each Settlement Collective Member shall be entitled to receive pursuant to the terms of this Agreement.

      s.      "Settlement Collective Members" means Plaintiffs and all current and former Delivery Associates who were paid by Commercial Express, COEI, LLC, or any one of its subcontractors, including AG Plus Express, LLC, JSTC, LLC, and/or Drop a Box, Inc. to deliver packages to customers of Amazon in the United States between March 1, 2017 and June 22, 2019. The Settlement Collective does not include individuals who were provided with notice and/or who opted in to *Gibbs v. MLK Express, LLC*, Case No. 2:18-cv-434-SPC-MRM, an action pending in the United States District Court for the Middle District of Florida. There are approximately 1,365 Settlement Collective Members, and Plaintiffs have relied on the records produced by Defendants in negotiating this Settlement.

      t.      "Wage Settlement Amount" means the sum of Nine Hundred and Fifty-Five Thousand Seven Hundred Dollars and Zero Cents ($955,700.00). Defendants shall separately pay or have paid on their behalf the employer's share of payroll taxes associated with the Wage Settlement Amount in addition to the Wage Settlement Amount, which shall be separately calculated by the Settlement Administrator.

## RELEASES

12.    **Settlement Collective Members' Released Claims.** In exchange for the consideration set forth in this Settlement Agreement, upon signing, cashing, or

depositing a Settlement Award check, the Settlement Collective Members agree to release the Released Claims.

Settlement Collective Members, to the fullest extent allowed by law, are prohibited from asserting any claims released by them in this Settlement, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against the Released Parties, based on claims released by them in this Settlement. The Notice of Settlement substantially in the form attached at Exhibit A will advise that, by signing, cashing, or depositing a Settlement Award Check, the Settlement Collective Members further agree they will not opt-in, will withdraw any opt-in, and will dismiss this action or themselves from the action in actions where they are a claimant, plaintiff, or appellant, and will opt-out of those actions if they become aware of such actions. Excluded from this prohibition are any instances where any individual is legally compelled to testify through service of a subpoena or other process.

## CONDITIONAL AND FINAL CERTIFICATION, NOTICE AND SETTLEMENT IMPLEMENTATION

13.    The Parties agree to the following procedures for obtaining approval of the Settlement, conditionally and finally certifying the Settlement Collective, and notifying the Settlement Collective Members of this Settlement:

a.    Plaintiffs shall prepare and, subject to Defendants' approval which shall not be unreasonably withheld, file an Unopposed Motion to Preliminarily Approve the FLSA Settlement with the Court by December 10, 2021 (or the time set forth by Court Order), and request that the Court conditionally certify the Settlement Collective pursuant to 29 U.S.C. § 216(b) for the purposes of: (i) notifying the Settlement Collective Members of the Settlement and their rights to participate, and providing the opportunity for them to submit any disputes regarding their individual settlement shares; (ii) preliminarily approving the FLSA Settlement Agreement and its terms as a fair and reasonable resolution of a *bona fide* dispute; (iii) approving the proposed form of Settlement Notice and its means of dissemination; and (iv) setting a date for Plaintiffs' Motion for Final Certification and Approval of the Settlement.

b.    **Notice**. The Settlement Administrator shall be responsible for preparing, printing and mailing the Settlement Notice, attached as Exhibit A, to Plaintiffs and all Settlement Collective Members.

c.    **Settlement Collective List**. Within five (5) business days after

the Court's Preliminary Approval of the Settlement, Defendants shall provide to the Settlement Administrator and Class Counsel an electronic list containing the names, last known addresses, last known telephone numbers (if any), last known email addresses (if any), and social security numbers or tax ID numbers of each Settlement Collective Member ("Collective List").

d.      At least ten (10) business days prior to mailing, Plaintiffs' Counsel shall provide the Settlement Administrator and Defendants' Counsel estimated minimum settlement shares for each Settlement Collective Member, which shall be calculated utilizing the formula set forth in paragraph 17. The estimated minimum settlement shares shall take into account, and first deduct from calculations, a $25,000 reserve fund, taken from the Wage Settlement Amount, to account for any disputes that may arise during the course of the notice process, so that Settlement Collective Members will receive no less than the estimated minimum settlement shares when Settlement Awards are issued.

e.      In order to provide the best notice practicable, prior to mailing the Settlement Notice, the Settlement Administrator will make reasonable efforts to identify current addresses via public and proprietary systems. Prior to mailing, the Settlement Administrator shall use the National Change of Address Database to update any addresses and shall provide a copy of any updated addresses to Defendants.

f.      **<u>Initial Mailing</u>**. Within ten business (10) days after receiving estimated minimum settlement shares for the Settlement Collective Members, the Settlement Administrator shall mail the Settlement Notice to Plaintiffs and Settlement Collective Members by U.S. First Class Mail and by email. The Settlement Administrator shall notify Plaintiffs' Counsel and Defendants' Counsel when the Settlement Notice has been mailed.

g.      Any Notices returned as undeliverable shall, within three (3) business days, be skip-traced (using the person's social security number) to attempt to obtain a new address and shall be re-mailed by U.S. First Class Mail to any new addresses that are found.

h.      Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed within three (3) business days following receipt of the returned mail. If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to search for the correct address and shall promptly re-mail the Settlement Notice to any newly found addresses. In no circumstance shall

such re-mailing extend the Notice Deadline.

        i.    Settlement Collective Members will not be required to submit a claim form to receive a Settlement Award. Prior to the Notice Deadline, Settlement Collective Members may contact the Settlement Administrator with questions regarding their settlement shares.  There is a rebuttable presumption that Defendants' records are correct, but Settlement Collective Members may, should they disagree with Defendants' records, provide documentation to show contrary information by no later than the conclusion of the Notice Deadline.  Such a dispute shall be directed to the Settlement Administrator, who will notify all Counsel of the dispute and promptly provide Counsel with a copy of the records provided by the individual. All disputes arising under this paragraph must be reported no later than the Notice Deadline and any disputes not resolved to the satisfaction of all Counsel may be presented to the Court. Any disputes received by the Settlement Administrator after the Notice Deadline shall be considered at the discretion of the Parties.

        j.    Following the implementation of the notice provisions as approved by the Court and described above, and no earlier than sixty days after the date the Settlement Notices are mailed, Plaintiffs will prepare and, subject to approval of Defendants which shall not be unreasonably withheld, file a Motion to Finally Approve the FLSA Settlement to finally certify the Settlement Collective under 29 U.S.C. § 216(b); finally approving the Settlement and its terms as fair, reasonable and adequate and a fair and reasonable resolution of a *bona fide* dispute; and directing that the Settlement funds be distributed in accordance with the terms of this Settlement Agreement.

## SETTLEMENT FUNDS AND AWARD CALCULATION

    14.    Within forty-five (45) calendar days after the Court's Order on Plaintiffs' Unopposed Motion to Preliminarily Approve the FLSA Settlement, Defendants shall electronically transfer, or have electronically transferred on their behalf, the Wage Settlement Amount, Settlement Administrator Fees, the Fees and Costs Settlement Amount, and the estimated employers' share of payroll taxes associated with the Wage Settlement Amount to the Settlement Administrator in the QSF.

        a.    The Parties agree to the creation of a QSF and that the QSF is intended to be a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code and Treas. Reg. §1.468B-1, 26 CFR § 1.468B-1, *et seq.*, and will be administered by the Settlement Administrator as such.

b.      With respect to the QSF, the Settlement Administrator shall: (i) calculate, withhold, remit, and report each Settlement Collective Member's share of applicable payroll taxes (including, without limitation, federal, state and local income tax withholding, FICA, Medicare and any state or local employment taxes), and indemnify Defendants for any penalty arising out of any error or incorrect calculation payroll taxes and/or interest with respect to any late deposit of the same; (ii) calculate and remit the employer's share of employer payroll taxes for each Settlement Collective Member's share of all employer payroll taxes; (iii) satisfy all federal, state, and local income and other tax reporting, return, and filing requirements with respect to the QSF; and (iv) satisfy out of the QSF all taxes (including any estimated taxes, interest or penalties) with respect to the interest or other income earned by the QSF. The fees, expenses, and costs incurred in connection with the opening and administration of the QSF and the performance of the Settlement Administrator's duties and functions as described in this Agreement will be paid separately as described herein. These tax services, fees, costs and expenses shall be treated as and included in the costs of administering the QSF, which shall be paid by Defendants.

c.      The Parties and the Settlement Administrator shall elect to treat the Settlement Fund as coming into existence as a Qualified Settlement Fund on the earliest date set forth in 26 CFR §1.468B-1(j)(2)(i), and that such election statement shall be attached to the appropriate returns as required by 26 CFR §1.468B-1(j)(2)(ii).

d.      The Parties agree to cooperate with the Settlement Administrator and one another to the extent reasonably necessary to carry out the provisions of this Section. The Parties will require the Settlement Administrator to indemnify and hold harmless the Parties for and against any claims or liabilities resulting from errors or omissions in its administration of the QSF.

15.    The Settlement Administrator shall be responsible for disbursing all Settlement Awards and preparing, printing, and mailing the Settlement Notice to the Collective Members.

16.    At least ten (10) business days prior to mailing, the Parties shall provide the Settlement Administrator with final settlement shares for each Settlement Collective Member, which shall be calculated pursuant to the objective formula set forth in Paragraph 17 utilizing the data previously provided by Defendants, and incorporating any resolved disputes received by the Settlement Administrator.

17.     The following objective formula shall be utilized in calculation of the settlement shares:

        a.     The the minimum amount of $50 per Settlement Collective Member will be deducted from the Wage Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Settlement Collective Member so that each Settlement Collective Member receives at least $50 in exchange for their release in this Settlement Agreement.

        b.     In addition to the $50 payment set out in (a) above, Settlement Collective Members shall receive a *pro rata* portion of the Wage Settlement Amount as follows:

                i.     For each workweek during which the Settlement Collective Member worked four (4) or more days during the Day Rate Time Period, the Settlement Collective Member shall receive five (5) settlement shares. For each workweek during which the Settlement Collective Member worked four (4) or more days during the Relevant Time Period but after the Day Rate Time Period, the Settlement Collective Member shall receive one (1) settlement share.

                ii.     The total number of settlement shares for all Settlement Collective Members will be added together and the resulting sum will be divided into the Wage Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Settlement Collective Member's number of settlement shares to determine the Settlement Collective Member's Settlement Award.

18.     Subject to the Court's Approval Order, Plaintiffs' Counsel shall receive the Fees and Cost Settlement Amount, in compensation for all work performed to date as well as all work remaining to be performed in the Action. The substance of Plaintiffs' Counsel's request for attorneys' fees and costs is considered separately from the Court's consideration of fairness and reasonableness of the settlement of the Action, and the outcome of any proceeding the Court makes as to Plaintiffs' Counsel's request for attorneys' fees and costs shall not terminate this Agreement.

        a.     The payment of the Fees and Cost Settlement Amount shall be made on the date the Settlement Administrator mails Settlement Awards to Settlement Collective Members, as provided for in Paragraph 17.

        b.     The Court-approved Fees and Cost Settlement Amount shall constitute full satisfaction of Defendants' obligations to pay amounts to any person, attorney, or law firm for attorneys' fees or costs in this Action on behalf of any Settlement Collective Member, and shall relieve Defendants from any other claims

11

or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of any Settlement Collective Member.

       c.     A Form 1099 shall be issued to Plaintiffs' Counsel by the Settlement Administrator, and Plaintiffs' Counsel shall be solely and legally responsible for paying any and all applicable taxes on the payment made to them.

19.     Subject to the Court's Approval Order on Plaintiffs' a Motion to Finally Approve the FLSA Settlement, the Settlement Administrator shall be paid by or on behalf of Defendants an amount not to exceed the Settlement Administrator Fees, in compensation for the successful completion of settlement administration of this Settlement. Any outcome of any proceeding the Court makes as to the Settlement Administrator Fees shall not terminate this Agreement.

20.     Within ten (10) business days of receipt of the final Settlement share calculations approved by the Parties, the Settlement Administrator shall mail all Settlement Awards to Settlement Collective Members along with an accompanying Notice of Settlement Check substantially in the form attached at Exhibit B, as approved by the Court. The Notice of Settlement Check shall also be emailed to the last known email address of the Settlement Collective Members. The Settlement Awards shall be checks that contain a limited endorsement placed on the back of the check stating that by signing, depositing, and/or cashing the settlement check, the Settlement Collective Member agrees to opt in to this collective action, defined by its caption as follows:

> By depositing or cashing this check, I am opting into and affirm my release of Amazon.com Services, Inc.; Amazon.com, LLC; Amazon Logistics, Inc.; Commercial Express, Inc.; COEI, LLC; JSTC, LLC; AG Plus Express, LLC; and Drop a Box, Inc., and all other Released Parties of my Released Claims as defined in the Settlement Agreement approved by the Court in *Thomas v. Amazon.com, LLC, et al.*, 19-cv-01528, 21-cv-00442 (M.D. Fla.). I affirm that I will not sue or assert any of the Released Claims, including FLSA claims, against any of the Released Parties.

The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties.

21.     Fifty percent (50%) of the Settlement Awards to Settlement Collective Members shall be considered wages subject to the withholding of all applicable local, state, and federal taxes. The Settlement Administrator shall make the required withholdings and shall issue an IRS Form W-2 to each settlement Collective

Member for these payments. Defendants shall pay or have paid on their behalf the employers' side of taxes separate from the Gross Settlement Amount. The remaining fifty percent (50%) of the Settlement Awards to Settlement Collective Members shall be considered liquidated damages. The Settlement Administrator shall issue an IRS Form 1099-MISC to each Settlement Collective Member for these payments.

22.     All Settlement Award checks to Settlement Collective Members shall remain negotiable for 180 days from the date they are issued. The Settlement Administrator shall send a reminder letter via U.S. mail and email to those who have not yet cashed their settlement check after 60 days, and shall call those that have still not cashed their check to remind them to do so within the last 60 days of the Check Cashing Period. Any amounts from uncashed settlement checks after the 180-day period will be paid back to Defendants in recognition of the fact that those individuals who do not cash their settlement checks do not release any claims against the Defendants.

23.     Within thirty (30) days after the Check Cashing Period, the Settlement Administrator shall notify counsel for all Parties of the final list of Settlement Collective Members who have signed, deposited, or cashed their checks and, therefore, released the Released Parties of the Released Claims. Within seven (7) days after such notification by the Settlement Administrator, Plaintiff's Counsel shall file with the Court a notice identifying the Settlement Collective Members who have signed, deposited, or cashed their checks and, therefore, released the Released Parties of the Released Claims.

24.     No person shall have any claim against Defendants, Plaintiffs' Counsel, or Defendants' Counsel based on distribution or payments made in accordance with this Settlement Agreement.

## **MISCELLANEOUS**

25.     **No Retaliation.** Defendants will not take any adverse action against any Settlement Collective Member on the grounds that he/she is eligible to participate or does participate in the Settlement. If requested, Defendants shall state Defendants and Plaintiffs' Counsel encourage Settlement Collective Members to participate in the Settlement.

26.     **No Admission of Liability.** This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants of any fault, liability, or wrongdoing.

27. **Defendants' Legal Fees.** Defendants' legal fees and expenses in this Action shall be borne by Defendants.

28. **Effect of Non-Approval.** If the Court does not approve the Settlement as provided herein, the Parties agree to engage in follow-up negotiations with the intent of resolving the Court's concerns that precluded approval, and, if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted, or if the Parties are not able to reach another agreement, then any Party may void this Agreement; at that point, the Parties agree each shall return to their respective positions as existed on the day before this Agreement was executed and this Agreement shall not be used in evidence or argument in any other aspect in the Action.

29. **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

30. **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

31. **Entire Settlement Agreement.** This Agreement and the exhibits hereto constitute the entire Agreement among the Parties, and no oral or written representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral are expressly superseded hereby and are of no further force and effect. No rights hereunder may be waived except in writing.

32. **Authorization to Enter Into Settlement Agreement.** The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the

terms of this Agreement, the Parties shall seek the assistance the court-approved mediator, Dennis Clifford, to resolve such disagreement.

33.     **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Plaintiffs, Defendants, and the Settlement Collective Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

34.     **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile, email, and electronic signature. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

35.     **No Signature Required by Collective Members.** Only the Named Plaintiffs, Defendants, and the respective counsel of each of them will be required to execute this Settlement Agreement. The Settlement Notice will advise all Settlement Collective Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Settlement Collective Member.

36.     **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement reached voluntarily, based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

37.     **Governing Law.** This Settlement Agreement shall be governed by and interpreted according to Florida law.

38.     **Venue and Consent to Jurisdiction.** The Parties agree that all disputes, legal actions, suits, and proceedings arising from or relating to this Agreement, including any dispute, legal action, suit, or proceeding seeking interpretation, implementation, and/or enforcement of this Agreement and all orders

and judgments entered in connection therewith must be brought exclusively in the United States District Court for the Middle District of Florida. Each Party hereby consents and submits to the exclusive jurisdiction of the United States District Court for the Middle District of Florida for disputes, legal actions, suits, and proceedings arising from or relating to this Agreement, including any dispute, legal action, suit, or proceeding seeking interpretation, implementation, and/or enforcement of this Agreement and all orders and judgments entered in connection therewith.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_Andrea Thomas_
_____          Date: December 6 _____, 2021
Andrea Thomas

_DeAndre Malik Tinson_
_____          Date: December 7 _____, 2021
DeAndre Tinson

_Shonnika Spears_
_____          Date: 12/09/2021 _____, 2021
Shonnika Spears


**APPROVED AS TO FORM BY PLAINTIFFS' COUNSEL:**

_____          Date: Dec 9 _____, 2021
Sarah R. Schalman-Bergen
Krysten Connon
LICHTEN & LISS-RIORDAN, P.C.

_Ryan Allen Hancock, Esq._
_____          Date: 12/8/2021 | 4:27 PM EST _____, 2021
Ryan Allen Hancock
WILLIG, WILLIAMS, & DAVIDSON

_____          Date: Dec 8 , 2021
Michaela Wallin
BERGER MONTAGUE PC

_____          Date: Dec. 8 , 2021
Janet Varnell
VARNELL & WARWICK P.A.

17

**DEFENDANTS:**

DocuSigned by:

*Zane Brown*

DDE214EDD377494

Amazon Services, Inc.

Date: _____, 2021

DocuSigned by:

*Zane Brown*

DDE214EDD377494

Amazon.com, LLC

Date: _____, 2021

DocuSigned by:

*Zane Brown*

DDE214EDD377494

Amazon Logistics, Inc.

Date: _____, 2021

_____

Commercial Express, Inc.

Date: _____, 2021

_____

COEI, LLC

Date: _____, 2021

_____

AG Plus Express, LLC

Date: _____, 2021

_____

Drop a Box, Inc.

Date: _____, 2021

_____

JSTC, LLC

Date: _____, 2021

**DEFENDANTS:**

_____     Date: _____, 2021
Amazon Services, Inc.


_____     Date: _____, 2021
Amazon.com, LLC


_____     Date: _____, 2021
Amazon Logistics, Inc.

Peter Schottmiller _____    Date: 12/08, 2021
Commercial Express, Inc.

Peter Schottmiller _____    Date: 12/08, 2021
COEI, LLC


_____     Date: _____, 2021
AG Plus Express, LLC


_____     Date: _____, 2021
Drop a Box, Inc.


_____     Date: _____, 2021
JSTC, LLC

**DEFENDANTS:**

_____     Date: _____, 2021
Amazon Services, Inc.


_____     Date: _____, 2021
Amazon.com, LLC


_____     Date: _____, 2021
Amazon Logistics, Inc.


_____     Date: _____, 2021
Commercial Express, Inc.


_____     Date: _____, 2021
COEI, LLC


_____     Date: DEC 08, 2021
AG Plus Express, LLC


_____     Date: _____, 2021
Drop a Box, Inc.


_____     Date: _____, 2021
JSTC, LLC

18

**DEFENDANTS:**

_____     Date: _____, 2021
Amazon Services, Inc.


_____     Date: _____, 2021
Amazon.com, LLC


_____     Date: _____, 2021
Amazon Logistics, Inc.


_____     Date: _____, 2021
Commercial Express, Inc.


_____     Date: _____, 2021
COEI, LLC


_____     Date: _____, 2021
AG Plus Express, LLC


_____     Date: _12-9_, 2021
Drop a Box, Inc.


_____     Date: _____, 2021
JSTC, LLC

18

**DEFENDANTS:**

_____     Date: _____, 2021
Amazon Services, Inc.


_____     Date: _____, 2021
Amazon.com, LLC


_____     Date: _____, 2021
Amazon Logistics, Inc.


_____     Date: _____, 2021
Commercial Express, Inc.


_____     Date: _____, 2021
COEI, LLC


_____     Date: _____, 2021
AG Plus Express, LLC


_____     Date: _____, 2021
Drop a Box, Inc.


_____     Date: 12 / 13 / 2021, 2021
JSTC, LLC

18

Doc ID: 119ed298c4bc0c50f04eade7d668bc6aa60309a6

**APPROVED AS TO FORM BY AMAZON'S COUNSEL:**

_____ Date: 12/15 , 2021
Stephanie L. Sweitzer
Christopher Ramsey
MORGAN, LEWIS & BOCKIUS LLP


**APPROVED AS TO FORM BY DEFENDANTS COMMERCIAL EXPRESS, INC., COEI, LLC, AG PLUS EXPRESS, LLC, AND DROP A BOX, INC.'S COUNSEL:**

_____ Date: 12/16 , 2021
John Christopher Gethy
Jennifer M. Fowler-Hermes
WILLIAMS, PARKER, HARRISON, DIETZ & GETZEN


**APPROVED AS TO FORM BY DEFENDANT JSTC, LLC'S COUNSEL:**

_____ Date: Dec. 16 , 2021
Paul Loren Sutherland
WILSON MCCOY, P.A.

19

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ANDREA THOMAS, DEANDRE TINSON, and
SHONNIKA SPEARS, on behalf of themselves and
all others similarly situated,

        Plaintiffs,

    vs.

AMAZON.COM SERVICES, INC., AMAZON
LOGISTICS, INC., AMAZON.COM LLC, JSTC,
LLC, COMMERCIAL EXPRESS, INC., COEI,
LLC, AG PLUS EXPRESS, LLC, and DROP A
BOX, INC.,

        Defendants.

_____/

Case Nos.19-cv-01528, 21-cv-00442

COLLECTIVE ACTION

**NOTICE OF COLLECTIVE ACTION SETTLEMENT**

TO:   NAME
      ADDRESS
      ADDRESS

*The Court authorized this Notice of Collective Action Settlement*
*This is not a solicitation. This is not a lawsuit against you, and you are not being sued.*

**PLEASE READ THIS NOTICE CAREFULLY.**

| |
|---|
| **1.    Why Should You Read This Notice?** |

**This Notice explains your right to receive money as part of the settlement.**

You received this Notice of Settlement because records show you performed work as a Delivery Associate and were paid by Commercial Express, Inc., COEI, LLC, or any one of its subcontractors, including AG Plus Express, LLC, JSTC, LLC, and/or Drop a Box, Inc. to deliver packages to customers of Amazon (collectively, with Amazon.com Services, Inc., Amazon Logistics, Inc., and Amazon.com LLC (collectively, "Amazon"), "Defendants") between March 1, 2017 and June 22, 2019 ("Delivery Associates").

The parties to the lawsuit agreed to a binding settlement of this action, which alleges that Delivery Associates should have been paid for all hours worked, including overtime compensation when they worked more than forty (40) hours per week. On [DATE], 2021, the Court preliminarily

approved the settlement as fair and reasonable. The Court set a date of_____for the time to review
and finally approve the settlement as fair and reasonable.

| | |
|---|---|
| **2.** | **What is this Lawsuit About?** |

This lawsuit claims that individuals who work or have worked as Delivery Associates were not
paid for all hours worked, including overtime compensation to which they were entitled under the
law. Specifically, the lawsuit claims that Delivery Associates were paid on a day rate basis, and
were not paid overtime compensation. Defendants deny that they failed to pay these individuals
the full amount of compensation they were owed, deny any wrongdoing, and deny any and all
liability and damages to anyone with respect to the allegations made in the lawsuit.

| | |
|---|---|
| **3.** | **How Is My Settlement Award Calculated?** |

Under the terms of the Settlement Agreement, Delivery Associates collectively will be paid a total
of $955,700 (the "Wage Settlement Amount"). If the Court grants final approval of the Settlement,
this amount will be divided into monetary Settlement Awards to the Delivery Associates.

The formula for the Settlement Awards is based on the records submitted by the Defendants, and
is based on the total number of workweeks you worked four days or more as a Delivery Associate
between March 1, 2017 and June 22, 2019.

These records show that you worked four or more days in_____workweeks between March 1,
2017 and June 22, 2019.  Based on the formula below, your minimum estimated Settlement Award
would be_____. ***This amount is an estimate and your final award may be different than
this amount.***

Your Settlement Award was calculated based on the records obtained on behalf of Defendant
Commercial Express, Inc. and/or its subcontractors and/or route records related to packages
delivered by you to Amazon customers. Specifically, the settlement payments were calculated as
follows:

- The the minimum amount of $50 per Settlement Collective Member was deducted from
  the Wage Settlement Amount prior to the determination of *pro rata* individual
  settlement shares and allocated to each Settlement Collective Member so that each
  Settlement Collective Member receives at least $50 in exchange for their release in this
  Settlement Agreement.

- In addition to the $50 payment set out in (a) above, Settlement Collective Members
  shall receive a *pro rata* portion of the Wage Settlement Amount as follows:

- For each workweek during which the Settlement Collective Member worked four (4)
  or more days during the Day Rate Time Period[1], the Settlement Collective Member

---

[1] "Day Rate Time Period" means the time period between March 1, 2017 and February 22, 2018
for Delivery Associates at the Tampa, FL delivery station (called DTP1); March 1, 2017 and
March 10, 2018 for Delivery Associates at the Sarasota, FL delivery station (called DSR1); and

shall receive five (5) settlement shares. For each workweek during which the Settlement Collective Member worked four (4) or more days during the Relevant Time Period but after the Day Rate Time Period, the Settlement Collective Member shall receive one (1) settlement share.

- The total number of settlement shares for all Settlement Collective Members was added together and the resulting sum will be divided into the Wage Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Settlement Collective Member's number of settlement shares to determine the Settlement Collective Member's Settlement Award.

If you have questions about the amount of your Settlement Award, you may contact the Settlement Administrator at the contact information below and must submit any disputes by **[DATE]**. **You will need to provide records to the Settlement Administrator if would like to dispute the number of workweeks or your minimum estimated Settlement Award.**

If the Court grants final approval to the Settlement, you will not need to do anything to receive a settlement award, except to make sure that the Settlement Administrator has your current mailing address to make sure that you receive your check. If the Court grants final approval to the settlement, you will receive a Settlement Award and you can decide whether to cash the check and release your claims against Defendants.

| 4. | What Do I Need to Do Now? |
|---|---|

If your address is correct and you do not dispute the information provided above, you do not need to do anything at this time.

If you wish to update the address where your check will be sent, or dispute the information provided above about the number of workweeks when you worked four days or more between March 1, 2017 and June 22, 2019, you may contact the Settlement Administrator at:

[INSERT]

If the Court grants final approval to the Settlement, you will be sent a Settlement Award check.

By depositing or cashing your Settlement Award check, you release Defendants; their parent companies, subsidiaries, affiliates, business units, members, shareholders; and their predecessors and successors, officers, directors, agents, employees, and assigns ("Released Parties") of all Fair Labor Standards Act ("FLSA") claims (and related wage claims) that accrued while working for Defendants at any time between March 1, 2017 and June 22, 2019, including, without limitations, all FLSA claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses ("Released Claims").

---

March 1, 2017 and March 3, 2019 at the Jacksonville, FL delivery station (called DJX1), Orlando, FL delivery station (called DMO1), and Melbourne, FL delivery station (called DMB1).

The Released Claims will be effective upon signing, cashing, or depositing your Settlement Award check. To the fullest extent allowed by law, by depositing or cashing your Settlement Award check, you are prohibited from asserting any Released Claims, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against the Released Parties based on the Released Claims. You also agree to not opt-in, withdraw any opt-in, and dismiss any action or dismiss yourself from any action where you are a claimant, plaintiff, or appellant against the Released Parties. You also agree to opt-out of any actions if you become aware of such actions against Released Parties. This prohibition does *not* prevent you from testifying in any legally compelled proceeding through service of a subpoena or other government or legal process.

If you do not deposit or cash your Settlement Award check, you will not release any claims against Defendants or the Released Parties. Defendants and Plaintiffs encourage you to cash your Settlement Award check.

Defendants agree that this Settlement Agreement may not be used to assert collateral estoppel, *res judicata*, waiver, or any other claim preclusion of FLSA claims with respect to individuals who did not specifically release those FLSA claims; however, Defendants do not waive the right to assert other defenses to those claims regarding timeliness, scope, and/or applicability of exemptions.

| **5.** | **Who Are The Attorneys Representing Plaintiff And The Settlement Collective?** |
|---|---|

Plaintiffs and the Settlement Collective are represented by the following attorneys:

Sarah R. Schalman-Bergen
Krysten Connon
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St.
Suite 2000
Boston, MA 02116
Telephone: (267) 256-9973
ssb@llrlaw.com
kconnnon@llrlaw.com

Ryan Allen Hancock
**WILLIG, WILLIAMS, & DAVIDSON**
1845 Walnut Street 24th Floor
Philadelphia, PA 19103
(215) 656-3679
rhancock@wwdlaw.com

Janet R. Varnell
**VARNELL & WARWICK, PA**
1101 E. Cumberland Ave.
Suite 201H, #105
Tampa, FL 33602
jvarnell@vandwlaw.com
(352) 753-8600

Michaela Wallin
**BERGER MONTAGUE PC**
1818 Market Street
Suite 3600
Philadelphia, PA 19103
(215) 875-5819
mwallin@bm.net

You may contact Plaintiffs' Counsel at the (267) 256-9973 or ssb@llrlaw.com with any questions or concerns.

24

| 6. | How Will the Attorneys for the Settlement Collective Be Paid? |
|---|---|

You do not have to pay the attorneys who represent the Settlement Collective separately. Subject to the Court approval, the Parties separately negotiated an attorneys' fee and cost payment to Plaintiffs' Counsel in the amount of $490,000, plus out of pocket costs incurred by Plaintiffs' Counsel in the total amount of $24,300 in litigating this action.

| 7. | Who May I Contact If I Have Further Questions? |
|---|---|

IF YOU NEED MORE INFORMATION, HAVE ANY QUESTIONS, OR SEEK TO UPDATE YOUR CONTACT INFORMATION, you may contact the Settlement Administrator at the telephone number or email address listed below. Please refer to the Amazon/COEI Overtime Settlement.

*Amazon/Commercial Express/COEI/Drop a Box/JSTC Overtime Settlement*
[INSERT]
[INSERT]
[INSERT]

This Notice only summarizes the lawsuit, the settlement and related matters. For more information, you may inspect the Court's files at the Office of the Clerk located at the United States District Court for the Middle District of Florida, George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801, from 8:30 a.m. to 4:00 p.m., Monday through Friday.

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANDREA THOMAS, DEANDRE TINSON, and
SHONNIKA SPEARS, on behalf of themselves and
all others similarly situated,

        Plaintiffs,

vs.

AMAZON.COM SERVICES, INC., AMAZON
LOGISTICS, INC., AMAZON.COM LLC, JSTC,
LLC, COMMERCIAL EXPRESS, INC., COEI,
LLC, AG PLUS EXPRESS, LLC, and DROP A
BOX, INC.,

        Defendants.

_____/

Case Nos.19-cv-01528, 21-cv-00442

COLLECTIVE ACTION

**NOTICE OF SETTLEMENT AWARD CHECK**

TO:   NAME
      ADDRESS
      ADDRESS

*The Court authorized this Notice of Collective Action Settlement and Settlement Award Check*
*This is not a solicitation. This is not a lawsuit against you, and you are not being sued.*

**PLEASE READ THIS NOTICE CAREFULLY.**

| | |
|---|---|
| **1.** | **Why Should You Read This Notice?** |

**Your Settlement Award Check is Enclosed. This Notice Explains Your Rights.**

You previously received a Notice of Settlement because records show you performed work as a Delivery Associate and were paid by Commercial Express, Inc., COEI, LLC, or any one of its subcontractors, including AG Plus Express, LLC, JSTC, LLC, and/or Drop a Box, Inc. to deliver packages to customers of Amazon (collectively, with Amazon.com Services, Inc., Amazon Logistics, Inc., and Amazon.com LLC (collectively, "Amazon"), "Defendants") between March 1, 2017 and June 22, 2019 ("Delivery Associates").

The parties to the lawsuit agreed to a binding settlement of this action, which alleges that Delivery Associates should have been paid for all hours worked, including overtime compensation when

27

they worked more than forty (40) hours per week. On [DATE], 202_, the Court finally approved the settlement as fair and reasonable.

| 2. | What is this Lawsuit About? |
|---|---|

This lawsuit claims that individuals who work or have worked as Delivery Associates were not paid for all hours worked, including overtime compensation to which they were entitled under the law. Specifically, the lawsuit claims that Delivery Associates were paid on a day rate basis, and were not paid overtime compensation. Defendants deny that they failed to pay these individuals the full amount of compensation they were owed, deny any wrongdoing, and deny any and all liability and damages to anyone with respect to the allegations made in the lawsuit.

| 2. | How Was My Settlement Award Calculated? |
|---|---|

Your Settlement Award check is enclosed with this Notice of Settlement Award Check. Under the terms of the Settlement Agreement, Delivery Associates collectively were paid a total of $955,700 (the "Wage Settlement Amount"). This amount was divided into monetary Settlement Awards to the Delivery Associates.

Your Settlement Award was calculated based on the records obtained on behalf of Defendant Commercial Express, Inc. and/or its subcontractors and/or route records related to packages delivered by you to Amazon customers. Specifically, the settlement payments were calculated as follows:

- The the minimum amount of $50 per Settlement Collective Member was deducted from the Wage Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Settlement Collective Member so that each Settlement Collective Member received at least $50 in exchange for their release in this Settlement Agreement.

- In addition to the $50 payment set out in (a) above, Settlement Collective Members received a *pro rata* portion of the Wage Settlement Amount as follows:

- For each workweek during which the Settlement Collective Member worked four (4) or more days during the Day Rate Time Period[2], the Settlement Collective Member received five (5) settlement shares. For each workweek during which the Settlement Collective Member worked four (4) or more days during the Relevant Time Period but after the Day Rate Time Period, the Settlement Collective Member received one (1) settlement share.

---

[2] "Day Rate Time Period" means the time period between March 1, 2017 and February 22, 2018 for Delivery Associates at the Tampa, FL delivery station (called DTP1); March 1, 2017 and March 10, 2018 for Delivery Associates at the Sarasota, FL delivery station (called DSR1); and March 1, 2017 and March 3, 2019 at the Jacksonville, FL delivery station (called DJX1), Orlando, FL delivery station (called DMO1), and Melbourne, FL delivery station (called DMB1).

- The total number of settlement shares for all Settlement Collective Members was added together and the resulting sum was divided into the Wage Settlement Amount to reach a per share dollar figure. That figure was then be multiplied by each Settlement Collective Member's number of settlement shares to determine the Settlement Collective Member's Settlement Award.

Fifty percent (50%) of your payment represents back wages, and 50% represents liquidated damages. The Settlement Administrator will issue you an IRS Form W-2 for 50% of this payment and an IRS Form 1099 for the other 50% of this payment. Neither the Settlement Administrator nor the Parties can provide you with any tax advice. You should contact your accountant or tax related advisors for any questions about taxes you may owe on these amounts.

**Your Settlement Award check is enclosed. Please note that your check is valid and negotiable for 180 days and will automatically expire on [DATE]. Therefore, please remember to cash or deposit your check AS SOON AS POSSIBLE.** After this expiration date, any uncashed remaining monies will be paid back to Defendants in recognition of the fact that those individuals who do not cash their settlement checks do not release any claims against the Defendants.

| 2. | What Do I Need to Do Now? |
|---|---|

Defendants and Plaintiffs encourage you to cash your Settlement Award check. Your decision as to whether or not to participate in this Lawsuit will in no way impact your work or employment with Defendants or future work or employment with Defendants.

By depositing or cashing your Settlement Award check, you release Defendants; their parent companies, subsidiaries, affiliates, business units, members, shareholders; and their predecessors and successors, officers, directors, agents, employees, and assigns ("Released Parties") of all Fair Labor Standards Act ("FLSA") claims (and related wage claims) that accrued while working for Defendants at any time between March 1, 2017 and June 22, 2019, including, without limitations, all FLSA claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses ("Released Claims").

The Released Claims will be effective upon signing, cashing, or depositing your Settlement Award check. To the fullest extent allowed by law, by depositing or cashing your Settlement Award check, you are prohibited from asserting any Released Claims, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against the Released Parties based on the Released Claims. You also agree to not opt-in, withdraw any opt-in, and dismiss any action or dismiss yourself from any action where you are a claimant, plaintiff, or appellant against the Released Parties. You also agree to opt-out of any actions if you become aware of such actions against Released Parties. This prohibition does *not* prevent you from testifying in any legally compelled proceeding through service of a subpoena or other government or legal process.

If you do not deposit or cash your Settlement Award check, you will not release any claims against Defendants or the Released Parties.

Defendants agree that this Settlement Agreement may not be used to assert collateral estoppel, *res judicata*, waiver, or any other claim preclusion of FLSA claims with respect to individuals who did not specifically release those FLSA claims; however, Defendants do not waive the right to assert other defenses to those claims regarding timeliness, scope, and/or applicability of exemptions.

| **4.** | **Who Are The Attorneys Representing Plaintiff And The Settlement Collective?** |
|---|---|

Plaintiffs and the Settlement Collective are represented by the following attorneys:

Sarah R. Schalman-Bergen
Krysten Connon
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston St.
Suite 2000
Boston, MA 02116
Telephone:  267-256-9973
Fax: 617-994-5801
ssb@llrlaw.com
kconnnon@llrlaw.com

Ryan Allen Hancock
**WILLIG, WILLIAMS, & DAVIDSON**
1845 Walnut Street 24th Floor
Philadelphia, PA 19103
(215) 656-3679
rhancock@wwdlaw.com

Janet R. Varnell
**VARNELL & WARWICK, PA**
1101 E. Cumberland Ave.
Suite 201H, #105
Tampa, FL 33602
jvarnell@vandwlaw.com
(352) 753-8600

Michaela Wallin
**BERGER MONTAGUE PC**
1818 Market Street
Suite 3600
Philadelphia, PA 19103
(215) 875-5819
mwallin@bm.net

You may contact Plaintiffs' Counsel at the (267) 256-9973 or ssb@llrlaw.com with any questions or concerns.

| **5.** | **How Will the Attorneys for the Settlement Collective Be Paid?** |
|---|---|

You do not have to pay the attorneys who represent the Settlement Collective separately. The Parties separately negotiated an attorneys' fee and cost payment to Plaintiffs' Counsel, plus out of pocket costs incurred by Plaintiffs' Counsel in litigating this action, which was approved by the Court.

| **6.** | **Who May I Contact If I Have Further Questions?** |
|---|---|

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact the Settlement Administrator at the telephone number or email address listed below. Please refer to the Amazon/COEI Overtime Settlement.

*Amazon/Commercial Express/COEI/Drop a Box/JSTC Overtime Settlement*



[INSERT]
[INSERT]
[INSERT]

This Notice only summarizes the lawsuit, the settlement and related matters. For more information, you may inspect the Court's files at the Office of the Clerk located at the United States District Court for the Middle District of Florida, George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801, from 8:30 a.m. to 4:00 p.m., Monday through Friday.